Eugene B. Chittock, SBN 214532
Law Offices of Eugene B. Chittock
100 South Lassen Street
Susanville, CA 96130
Telephone: (530) 257-9351
Facsimile: (530) 257-9359
echittock@chittocklaw.com

Attorneys for Plaintiffs, Anjanette & Rodney DeLong

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANJANETTE DELONG individually; and RODNEY DELONG, by and through his successor-in-interest ANJANETTE DELONG,<br><br>*Plaintiffs*,<br><br>v.<br><br>DOES 1 to 20, in their individual capacities,<br><br>*Defendants*. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Violation of Civil Rights –Eighth Amendment<br>(42 U.S.C. § 1983)<br><br>2. Negligence/Wrongful Death<br>(Cal. Gov't Code § 844.6(d))<br><br>3. Violation of Civil Rights – Fourteenth Amendment<br>(42 U.S.C. § 1983)<br><br>[JURY TRIAL DEMANDED] |

Plaintiffs allege as follows:

**JURISDICTION, VENUE & PARTIES**

1. This case arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1334. In addition this Court has pendant and supplemental jurisdiction pursuant to Title 28 of the United States Code, Section 1367 over the state law claims alleged in this complaint.

**COMPLAINT FOR DAMAGES**

2. The unlawful acts and practices alleged herein occurred in the County of Lassen, State of California, within this judicial district. Therefore, venue lies in the United States Court for the Eastern District of California.

3. Plaintiff Anjanette DeLong ("plaintiff") is of the age of majority and a citizen of California, residing in Placer County, California.

4. At all times relevant herein, co-plaintiff and decedent Rodney DeLong ("DeLong") was a citizen of California, and prisoner in the custody of California Department of Corrections and Rehabilitation. At the time of his death, DeLong was incarcerated at High Desert State Prison ("HDSP") in Susanville, California. Plaintiff, DeLong's biological mother, is DeLong's successor-in-interest, and has standing to bring this action.

5. This action encompasses a wrongful death action brought by plaintiff Anjanette DeLong individually with respect to each claim for relief. Plaintiff Anjanette DeLong similarly pursues the federal Eighth Amendment claim for relief on a survival theory on behalf of DeLong for pre-death pain, suffering and other damages DeLong would have asserted had he survived.

6. State of California - Department of Corrections and Rehabilitation ("CDCR") is a government entity authorized by law to establish certain departments responsible for enforcing the law and protecting the welfare of citizens in the State of California. At all times mentioned herein, CDCR was responsible for overseeing the operation, management and supervision of HDSP, and certain unknown DOE defendants, employed by CDCR as peace officers. CDCR promulgates policies and procedures that are implemented at HDSP.

7. Plaintiff is informed and believes and thereon alleges that defendants DOES 1 to 20 are individuals residing in the State of California and employed by CDCR as peace officers at HDSP. At all relevant times, DOES 1-20 were acting in the course and scope of their

COMPLAINT FOR DAMAGES

employment, under the color of law as officers of CDCR. The true names of defendants DOES 1 to 20 are presently unknown to plaintiff (collectively the "DOE defendants"). Despite plaintiff's efforts to obtain the specific identities of such CDCR officers prior to filing suit, CDCR provided only heavily redacted reports surrounding DeLong's death, such that the names of the particular officers involved are not known to plaintiff. DOES 1 to 20 are correctional officers, sergeants, lieutenants, or other authorized employees of CDCR. Plaintiff is informed and believes and thereon alleges that each of DOE defendants is legally responsible in some manner for the events and damages referred to herein and legally and proximately caused damage to plaintiff. When the true identities of the DOE defendants are ascertained, plaintiff will seek leave of court to amend this complaint. See, e.g., *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics* (1971) 403 U.S. 388, 390, fn. 2. All DOE defendants are sued in their individual capacities.

8. CDCR was at all relevant times operating, maintaining, managing and doing business as HDSP, a State owned and operated correctional and rehabilitation facility for men in California, and as such assumed the responsibility of providing a Constitutionally mandated level of safety to inmates housed within HDSP as wards of the State. Similarly, CDCR was responsible for overseeing the day-to-day operations and security of the prison. All of the acts complained of in the complaint were done and performed by the DOE defendants as authorized agents, servants and/or employees acting within the course and scope of their employments by CDCR. CDCR ratified all of the acts complained of herein.

## GENERAL ALLEGATIONS

9. At all relevant times, DeLong was imprisoned at HDSP in Susanville, California, serving a sentence of nine years. At the time of his death on May 6, 2018, DeLong had 7-months remaining on his sentence.

COMPLAINT FOR DAMAGES

10. On May 6, 2018, DeLong was transferred to a new cell, as part of HDSP's cell-compaction process. The transfer to DeLong's new cell, Z-161, took place at approximately 12:30 p.m.

11. Plaintiff is informed and believes and thereon alleges that DeLong's new cellmate, Robert Stockton ("Stockton"), was a known Aryan Brotherhood[†] ("AB") associate/member, who had previous carried out violent attacks on behalf of the AB, against its enemies. AB members are recruited from the prison population. For new members, the AB has a policy of 'blood in, blood out': potential members must commit a murder to gain full membership, and can only leave when they die. As part of the AB, members are required to commit any criminal acts that the enterprise asks of them. AB members pledge their lives to the enterprise. Plaintiff is informed and believes and thereon alleges that Stockton gained AB membership no later than October 15, 2016, when he executed a murder at the request of the AB. The inmate murdered by Stockton, Doug Maynard ("Maynard"), had become an AB target because he owed money at another prison, had a drug problem, and/or otherwise violated AB politics/code of conduct. Stockton killed Maynard utilizing a knife, repeatedly stabbing Maynard in his head and upper torso.

12. Plaintiff is informed and believes and thereon alleges that Stockton's violent propensities and status as an AB member/associate was known to defendants, and each of them, well prior to the cell-compaction in which DeLong was placed with Stockton.

13. Plaintiff is informed and believes and thereon alleges that prior to the cell-compaction, DeLong was considered an enemy of the AB that would be targeted for attack. Defendants, and each of them, were aware of this.

14. Plaintiff is informed and believes and thereon alleges that the fundamental prerequisite to a cell compaction/change is processing of the inmates contemplated to be house together via the Strategic Offender Management System ("SOMS"). SOMS is the system utilized

---

[†] The "Aryan Brotherhood" is a race-based gang formed in the California prison system around 1964 by white inmates who wanted to gain power and authority in prison.

4

COMPLAINT FOR DAMAGES

by CDCR to electronically monitor inmates' files. During the cell compaction process, correctional staff utilizes SOMS to determine whether inmates are suitable to be housed together, and what sort of special needs/restrictions a particular inmate may have. SOMS keeps track of information such as gang affiliations, violent propensities, housing restrictions, and the like.

15. Plaintiff is informed and believes and thereon alleges that SOMS listed DeLong as an enemy of the AB, and prevented him from being housed with anyone having AB ties. Similarly, SOMS listed Stockton as a member/associate of the AB, with a known propensity for violence, including the killing of Maynard. Had the cell compaction been processed through SOMS, it would have been evident that DeLong and Stockton should not be housed together.

16. Defendants, and each of them, knew that placing inmates together or otherwise making cell changes without processing the change through SOMS poses a serious and obvious risk of harm to inmates, including DeLong. Given the various gang affiliations of inmates throughout California prisons and sensitive needs of other inmates, there is a substantial and real risk of harm whenever inmates are rehoused/placed together without a determination that they are compatible. Placing DeLong (a known AB enemy being targeted by the AB) into an unsupervised cell with Stockton (a known AB member/associate) created a heightened and substantial risk of harm to DeLong.

17. Defendant, and each of them, through their personal knowledge, positions at CDCR and/or access to information (e.g., via SOMS) about HDSP inmates (including Stockton and DeLong), had knowledge that Stockton posed a direct threat to other inmates given his propensity for violence/prior attacks and association with the AB. Plaintiff is informed and believes and thereon alleges that defendants, and each of them, possessed knowledge that Stockton posed a direct and particularized threat to DeLong. This threat to DeLong was compounded given his thin build (approx. 6 feet tall and 140 lbs) and other risk factors.

COMPLAINT FOR DAMAGES

18. Defendants, and each of them, failed to take adequate measures to extinguish the threat posed by Stockton, failed to adopt or implement adequate policies or procedures to segregate violent persons such as Stockton from other inmates after learning of their violent propensities, failed to adopt or implement adequate policies or procedures to segregate AB members/associates such as Stockton from other known AB enemy inmates, failed to supervise/search Stockton or cell Z-161 adequately, failed to train correctional employees adequately, failed to adopt or implement policies to ensure correctional employees had sufficient information about inmates when undertaking the cell-compaction process, failed to warn DeLong of Stockton's AB ties/violent propensities, and otherwise failed to ensure that SOMS was utilized prior to any contemplated cell changes. These acts of defendants, and each of them, were done in conscious disregard of an excessive risk to DeLong's health and safety.

19. Plaintiff is informed and believes and thereon alleges that the planned attacks and violence perpetrated by the AB against its enemies (such as DeLong) is longstanding, pervasive, and well-documented such that defendants, and each of them, knew that placing DeLong with a member of the AB would pose a substantial risk to his health and safety.

20. Plaintiff is informed and believes and thereon alleges that per HDSP/CDCR's own guidelines, DeLong was considered to be in danger of violent attacks by other inmates if any AB member/associate was given access to him.

21. Sometime after placing DeLong in Z-161, DOE 1 realized that he and DOE 2 (the officers who completed the cell change), failed to ensure that the cell compaction was properly evaluated or processed by HDSP central control through SOMS. DOE 1 directed other correctional staff to remove DeLong and place him in a holding cell pending further inmate compatibility review by central control. By the time correctional staff reached cell Z-161, they found Stockton blocking the door of the cell. When Stockton moved, officers could see DeLong lying in a pool of blood from his torso to his head. Stockton dropped a prison-manufactured weapon out of the food port in the cell door. Correctional staff

removed Stockton and eventually began treatment of DeLong. DeLong suffered stab wounds to his head, neck and eyes. DeLong was pronounced dead at 1:02 p.m. on May 6, 2018 as a result of his injuries.

22. As a direct and proximate result of defendants' conduct, and the death of DeLong, plaintiff sustained economic damages consisting of (1) the value of lost financial and other support from decedent, (2) the value of gifts or benefits that decedent would have provided, (3) the value of funeral and burial expenses, and (4) the reasonable value of household services that the decedent would have provided.

23. As a direct and proximate result of defendants' conduct, and the death of DeLong, plaintiff sustained non-economic damages consisting of the loss of the DeLong's love, companionship, comfort, care, assistance, protection, affection, society, and moral support.

**FIRST CLAIM FOR RELIEF**
**(Eighth Amendment -- 42 U.S.C. § 1983)**
**(Against All Defendants)**

24. Plaintiff incorporates by reference each and every allegation of this complaint as though fully set forth herein.

25. Title 42 of the United States Code, Section 1983 provides in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory subjects, or causes to be subjected, any person of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit at equity or other proper proceeding for redress.

26. The conduct complained of herein was undertaken pursuant to the policies, practices and customs of the CDCR, an agency of the State of California, and was sanctioned and approved by the individual DOE defendants.

27. Each defendant, acting under color of state law, through their own individual actions and through their policies, practices and customs, deprived DeLong of rights, privileges, and immunities secured by the Constitution and laws of the United States under the Eighth

LAW OFFICES OF EUGENE B. CHITTOCK
100 South Lassen Street
Susanville, CA 96130

COMPLAINT FOR DAMAGES

Amendment (made applicable to States via the Fourteenth Amendment), by subjecting him, or allowing others to subject him, to cruel and unusual punishment.

28. Defendants knew that DeLong faced a serious risk of violent assaults and attacks by AB members/associates, and inmates with violent propensities, because of DeLong's status as an enemy of the AB.

29. Despite knowing that DeLong faced a serious and substantial risk of violent attacks by AB members/associates, the DOE defendants placed DeLong into a cell with a known AB member/associate with a propensity for violence, Stockton.

30. Prior to placing DeLong into a cell with Stockton, the DOE defendants knew that there was a substantial risk of violence when AB enemies are placed with AB members/associates. By placing DeLong into a cell with Stockton, the DOE defendants disregarded that obvious risk.

31. DOE defendants were similarly aware that failing to search Stockton and/or cell Z-161 prior to placing DeLong into the cell created an obvious and substantial risk of harm. By placing DeLong into a cell with Stockton without conducting a proper search, the DOE defendants consciously disregarded that risk.

32. As a direct and proximate cause of the aforementioned acts/failures to act of the DOE defendants, DeLong and, in turn, plaintiff were injured as set forth above.

33. As the direct and proximate result of the DOE defendants' actions, DeLong and plaintiff have suffered, and will continue to suffer, physical, mental and emotional injury, all to an extent and in an amount subject to proof at trial. Plaintiff has also incurred, and will continue to incur, attorneys' fees, costs and expenses, including those authorized by 42 U.S.C. § 1988, to an extent and in an amount subject to proof at trial.

34. Plaintiff is informed and believes and thereon alleges that the DOE defendants, and each of them, acted with malice toward DeLong/plaintiff, or acted with a willful and conscious disregard for the rights of DeLong/plaintiff in a despicable, vile, and contemptible manner. Therefore, plaintiff is entitled to an award of punitive damages for the purpose of punishing defendants and to deter them and others from such conduct in the future.

**SECOND CLAIM FOR RELIEF**
(Negligence Resulting In Wrongful Death – Cal. Gov't Code § 844.6(d) & Cal. Code Civ. Proc., § 377.60 )
(Against All Defendants)

35. Plaintiff incorporates by reference each and every allegation of this complaint as though fully set forth herein.

36. Defendants, and each of them, owed a duty imposed by law to use reasonable care in conducting themselves as peace officers and completing cell-compacting and housing inmates.

37. Defendants and each of them failed to exercise the degree of care and caution that a reasonable and prudent person would exercise under like conditions and circumstances. Defendants failed to conform to a certain standard of conduct for the protection of DeLong against unreasonable risk of injury and death. This failure exposed plaintiff to an unreasonable risk of harm.

38. Defendants undertook the responsibility of providing correctional services to DeLong, including implementing a cell change, which defendants should have recognized as requiring a review of SOMS and/or other inmate records to determine DeLong's compatibility to be housed with Stockton. Similarly, defendants failed to properly conduct a search of Stockton and/or cell Z-161 prior to placing DeLong there, thereby allowing Stockton to possess an inmate manufactured weapon. As a result of defendants' failures to properly review SOMS/other inmate records, and failure to otherwise exercise reasonable care, DeLong suffered death, to his and plaintiff's damage.

39. DeLong was particularly vulnerable in light of his incarceration and relied on defendants (who had control over him), for protection from violent assault, which is not part of the

COMPLAINT FOR DAMAGES

penalty that criminal offenders pay for their offenses against society.

40. On or about May 2, 2019, plaintiff submitted a Claim for Damages and Application to File a "Late" Claim to the State of California, Department of Corrections and Rehabilitation pursuant to the California Government Claims Act, Government Code section 810, *et seq.* (the "claim"). On August 7, 2019, the application to file a late claim was granted under Government Code section 911.6, but the underlying claim for damages was rejected due to complexity. Accordingly, plaintiff timely filed this state law claim within the requisite 6-months limitations period. Cal. Gov. Code, § 945.6.

### THIRD CLAIM FOR RELIEF
**(Fourteenth Amendment -- 42 U.S.C. § 1983)**
**(Against All Defendants)**

41. Plaintiff incorporates by reference each and every allegation of this complaint as though fully set forth herein.

42. Defendants, and each of them, while acting under color of law, subjected DeLong, or caused DeLong to be subjected to the deprivation of his rights, privileges, or immunities secured by the Eighth Amendment to the United States Constitution which resulted in the death of DeLong, the son of plaintiff, without legal justification.

43. By doing the acts complained of in this complaint, defendants deprived plaintiff of her liberty interest under the Fourteenth Amendment to the United States Constitution in the companionship of her son DeLong. The death of DeLong was a direct result of defendants' conscious disregard of the likelihood of substantial harm to DeLong unrelated to legitimate penological goals.

### PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for judgment against defendants as follows:

**COMPLAINT FOR DAMAGES**

1. General damages according to proof, believed to be in excess of $3,000,000;

2. Special damages according to proof;

3. Attorneys' fees under 42 U.S.C. §1988 and any other appropriate statute;

4. Punitive damages according to proof;

5. Costs of suit; and

6. Any other and further relief as this Court may deem appropriate.

Date: January 24, 2020                     LAW OFFICES OF EUGENE B. CHITTOCK


                                           /s/
                                           Eugene B. Chittock
                                           Attorney for Plaintiffs


**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury on all issues so triable.

Date: January 24, 2020                     LAW OFFICES OF EUGENE B. CHITTOCK


                                           /s/
                                           Eugene B. Chittock
                                           Attorney for Plaintiffs